**Raymond RAMIREZ, Petitioner–Appellant,**

v.

**James E. TILTON, Secretary of the California Department of Corrections and Rehabilitation, Respondent–Appellee.**

No. 09–55227.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 15, 2010.

Filed Feb. 23, 2010.

Michael Tanaka, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Quisteen Shum, Esquire, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: GOODWIN, SCHROEDER and FISHER, Circuit Judges.

MEMORANDUM *

Raymond Ramirez appeals the denial of his petition for a writ of habeas corpus. We affirm.

The California Supreme Court's decision denying Ramirez's habeas petition was not an unreasonable application of the "narrow proportionality principle that applies to noncapital sentences." *Ewing v. California,* 538 U.S. 11, 20, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (internal quotation marks and citations omitted); *see also* 28 U.S.C. § 2254(d). Possession of any quantity of illegal drugs is no less serious than the theft offenses that the Supreme Court has found not to raise an inference of gross disproportionality. *See Taylor v. Lewis,* 460 F.3d 1093, 1099 (9th Cir.2006). Nor does Ramirez's criminal history raise such an inference, because an attempt to restrain a victim in her home is "marked by ... the threat of violence." *Solem v. Helm,* 463 U.S. 277, 292–93, 296, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). If the gravity of a petitioner's triggering offense and criminal history does not create an inference of gross disproportionality, we need not proceed to intrajurisdictional and interjurisdictional comparisons. *See Harmelin v. Michigan,* 501 U.S. 957, 1004, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment); *Rios v. Garcia,* 390 F.3d 1082, 1086 (9th Cir.2004).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.